IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Flint E. Topping, | : | |
| Plaintiff | : | Civil Action 2:11-cv-00727 |
| v. | : | Judge Watson |
| Ohio Adult Parole Authority, | : | Magistrate Judge Abel |
| Defendant | : | |

# Order

Plaintiff Flint E. Topping, a state inmate at the Lebanon Correctional Institution, brings this action against defendant Ohio Adult Parole Authority ("OAPA"). This matter is before the Magistrate Judge on plaintiff Flint E. Topping's February 17, 2012 motion for an order to compel production of relevant and necessary documents (doc. 17).

Allegations in the Complaint. The complaint alleges that in July 2008, OAPA illegally subjected plaintiff to post-release control. On December 30, 2009, plaintiff was informed that he had been placed on post-release control improperly and he was forced to immediately leave the Turtle Creek Center Halfway House. Plaintiff was subjected to legal and personal risk and injury. He suffered homelessness, harassment, discrimination, loss of employment, and mental stress and anguish. The complaint also

asserts that he was slandered in the newspapers. He was prevented from contacting or visiting his children and other family members.

Motion to Compel. Plaintiff seeks an order directing OAPA and other entities to produce responses to his discovery requests. Plaintiff seeks documents from OAPA, the Turtlecreek Halfway House, and the Scioto County Jail.

Plaintiff seeks narrative summary reports from defendant OAPA. Plaintiff maintains that defendant OAPA refused to produce the requested document because it is not a public record. Plaintiff did not properly serve defendant's counsel with his discovery requests. Rather, plaintiff sought the information directly from the OAPA. Plaintiff is DIRECTED to serve his requests for discovery on defendant's counsel.

Plaintiff's motion with respect to Turtlecreek Halfway House and the Scioto Count Jail is DENIED. Neither of these entities is a party to this case. If plaintiff seeks discovery from these entities he must comply with Rule 45 of Federal Rules Civil Procedure.

Plaintiff Flint E. Topping's February 17, 2012 motion for an order to compel production of relevant and necessary documents (doc. 17) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District

Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

                                              s/ Mark R. Abel
                                              United States Magistrate Judge