IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Flint E. Topping, | : |
|     Plaintiff | : Case No. 2:11-cv-00727 |
| v. | : Judge Watson |
| Ohio Adult Parole Authority, | : Magistrate Judge Abel |
|     Defendant | |
| | : |

### REPORT AND RECOMMENDATION

Plaintiff Flint E. Topping, a State prisoner, brings this action under 28 U.S.C. §1983 alleging that he was illegally placed on post-release control. Plaintiff was sent to the Turtle Creek Halfway House for allegedly violating the non-existent conditions of release and then abruptly removed from the halfway house.  This matter is before the Magistrate Judge in accordance the provisions of 28 U.S.C. §636(b)(1)(B) for a report and recommendation on defendant Ohio Adult Parole Authority's June 14, 2012 motion for judgment on the pleadings (doc. 35).

As a preliminary matter, defendant's June 14, 2012 motion to stay discovery (doc. 36) is GRANTED.

**Motion for Judgment on the Pleadings**. In ruling on a motion for judgment on the pleadings, the Court accepts all well-pleaded material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Id.* This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

*Id.*

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007));  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982).  Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971).  In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading.  *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).  Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155-56.

To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action;

they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555.

**Arguments of the Parties.** In its motion for judgment on the pleadings, defendant argues that plaintiff's complaint is barred by the Eleventh Amendment to the United States Constitution and that this Court lacks proper subject matter jurisdiction over the matter. Defendant further argues that the Ohio Adult Parole Authority is not a "person" within the meaning of 42 U.S.C. § 1983, and as result, the complaint fails to state a claim upon which relief can be granted. Defendants also argue that the Eleventh Amendment bars a suit in federal court against the state or any of its agencies unless the state has expressly waived immunity. Because Ohio has not waived its sovereign immunity, the OAPA is immune to suit in federal court for damages.

Plaintiff relies on *Hernandez v. Wilkinson*, No. 1:06-cv-158, 2006 WL 3420186 (N.D. Oh. Nov. 27, 2006). In *Hernandez*, the plaintiff brought suit under 42 U.S.C. § 1983 alleging that the defendants had illegally imposed statutory post-release control when the presiding trial courts failed to provide for such in the sentencing journal entries. The *Hernandez* court concluded that the defendants were entitled to qualified immunity. Plaintiff argues that the Ohio Adult Parole Authority is not entitled to qualified immunity because its conduct has violated clearly established constitutional rights. Plaintiff maintains that the rights were clearly established by *Hernandez v. Kelly*, 108 Ohio St. 3d 395 (2006).

3

**Discussion.** Plaintiff mistakenly relies on *Hernandez v. Wilkinson*, No. 1:06-cv-158, 2006 WL 3420186 (N.D. Oh. Nov. 27, 2006). In *Hernandez*, the plaintiff sued officials of the Ohio Department of Rehabilitation and Correction and the Ohio Adult Parole Authority in their individual capacities. Here, Topping has brought suit against the Ohio Adult Parole Authority, a state agency. Defendant Ohio Adult Parole Authority is not an entity that can be sued. It is an arm of the state. The State is immune under the Eleventh Amendment from suits against it. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989); *Foulks v. Ohio Dept. of Rehabilitation and Correction*, 713 F.2d 1229, 1232 (6th Cir. 1993).

**Conclusion.** For the reasons set out above, the Magistrate Judge **RECOMMENDS** that defendant's Ohio Adult Parole Authority's June 14, 2012 motion for judgment on the pleadings (doc. 35) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civil. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

    s/Mark R. Abel
    United States Magistrate Judge