UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Flint E. Topping,
           **Plaintiff**

v.

State of Ohio Adult Parole Authority,
           **Defendant**

Civil Action 2:11-cv-00727

Judge Watson

Magistrate Judge Abel

## ORDER

Plaintiff Flint E. Topping, a state prisoner, brings this action alleging that defendant illegally placed him on post-release control. This matter is before the Court on plaintiff Flint E. Topping's October 3, 2012 objections to Magistrate Judge Abel's Report and Recommendation that defendant's motion for judgment on the pleadings be granted. Plaintiff's objections are titled "Supplemental Discovery from Product of Court-Ordered Subpoenas." Within this document, plaintiffs asks the Court to strip defendant of any Eleventh Amendment immunity.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** defendant Ohio Adult Parole Authority's June 14, 2012 motion for judgment on the pleadings. ECF No. 35.

In ruling on a motion for judgment on the pleadings, the Court accepts all well-pleaded material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Id.* This is the same standard

applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Id.*

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123–24 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.2007)) (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555.

Plaintiff argues that the documents he has submitted demonstrate that he was released on the basis of the *Barnes*[1] decision, which was predicated on the holding in *Hernandez v. Wilkinson*, No. 1:06-cv-158, 2006 WL 3420186 (N.D. Oh. Nov. 27, 2006). Plaintiff maintains that he was subject to constant harassment, multiple incarcerations and other personal and financial losses caused by the defendant's unconstitutional deprivation of his liberty. Plaintiff asks this Court to find that he has sufficiently stated a constitutional claim thereby stripping defendant of any from the Eleventh Amendment or any other source.

As the Magistrate Judge noted, in *Hernandez*, the plaintiff sued officials of the Ohio Department of Rehabilitation and Correction and the Ohio Adult Parole Authority in their individual capacities. Here, Topping has brought suit against the Ohio Adult Parole Authority, a state agency. Defendant Ohio Adult Parole Authority is not an entity that can be sued. It is an arm of the state. The State is immune under the Eleventh Amendment from suits against it. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989); *Foulks v. Ohio Dept. of Rehabilitation and Correction*, 713 F.2d 1229,

---

[1]Plaintiff has not provided a full citation to the Barnes decision.

1232 (6th Cir. 1993).  This Court cannot "strip" a state agency of its Eleventh

Amendment immunity.

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant Ohio Adult

Parole Authority.  This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**